UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT

$1 \cdot 30 \cdot 09$

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

CHARLES T. WHITE

: CASE NO. 3:08-cr-418-J-32MCR

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian
Albritton, United States Attorney for the Middle District of Florida, and the defendant,
Charles T. White, and the attorney for the defendant, Charles L. Truncale, mutually
agree as follows:

A.   **Particularized Terms**

1.   Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the
Information.  Count One charges the defendant with knowingly wearing a medal
authorized by Congress for the Armed Forces of the United States, namely the Purple
Heart Medal, in violation of 18 U.S.C. §§ 704(a) and (d).

Count Two charges the defendant with falsely representing himself,
verbally, to have been awarded a medal authorized by Congress for the Armed Forces
of the United States, namely the Purple Heart Medal, in violation of 18 U.S.C. §§ 704(b)
and (d).

Defendant's Initials _C T W_                                    AF Approval _BB_

2.    <u>Maximum Penalties</u>

Count One and Count Two each carry a maximum sentence of one year of imprisonment, a fine of $100,000, a term of supervised release of not more than one year, and a special assessment of $25 per misdemeanor count, said special assessment to be due on the date of sentencing.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

If the court were to impose the maximum penalty for each count and order that they be served consecutively, the maximum, cumulative penalty would carry a sentence of two years of imprisonment, a fine of $200,000, and a term of supervised release of not more than two years.

3.    <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

<u>First</u>:        That the Defendant wore a medal or ribbon authorized by Congress for the Armed Forces of the United States, namely the Purple Heart Medal;

<u>Second</u>:   That the Defendant did so without authorization under regulations made pursuant to law: and

<u>Third</u>:       That the Defendant did so knowingly.

Defendant's Initials _CTW_                    2

The elements of Count Two are:

First:      That the Defendant represented himself, verbally, to have been awarded a medal authorized by Congress for the Armed Forces of the United States, namely the Purple Heart Medal: and

Second:    That the Defendant did so falsely.

4.     No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.     Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

6.     Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a

Defendant's Initials _C.T.W_         3

sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B.**   **Standard Terms and Conditions**

  1.  Restitution, Special Assessment and Fine

    The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

  2.  Supervised Release

    The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _C. T. N_      4

3.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant *further* agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by

Defendant's Initials _C̶J̶W̶_                    5

the United States Probation Office.  The defendant understands and acknowledges

that, although the parties are permitted to make recommendations and present

arguments to the Court, the sentence will be determined solely by the Court, with the

assistance of the United States Probation Office.  Defendant further understands and

acknowledges that any discussions between defendant or defendant's attorney and the

attorney or other agents for the government regarding any recommendations by the

government are not binding on the Court and that, should any recommendations be

rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this

plea agreement.  The government expressly reserves the right to support and defend

any decision that the Court may make with regard to the defendant's sentence, whether

or not such decision is consistent with the government's recommendations contained

herein.

     5.     Defendant's Waiver of Right to Appeal and
              Right to Collaterally Challenge the Sentence

     The defendant agrees that this Court has jurisdiction and authority to

impose any sentence up to the statutory maximum and expressly waives the right to

appeal defendant's sentence or to challenge it collaterally on any ground, including the

ground that the Court erred in determining the applicable guidelines range pursuant to

the United States Sentencing Guidelines, except (a) the ground that the sentence

exceeds the defendant's applicable guidelines range as determined by the Court

pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence

exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the

Eighth Amendment to the Constitution; provided, however, that if the government

Defendant's Initials  _C·TW_       6

exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §
3742(b), then the defendant is released from his waiver and may appeal the sentence
as authorized by 18 U.S.C. § 3742(a).

      6.    <u>Middle District of Florida Agreement</u>

      It is further understood that this agreement is limited to the Office of the
United States Attorney for the Middle District of Florida and cannot bind other federal,
state, or local prosecuting authorities, although this office will bring defendant's
cooperation, if any, to the attention of other prosecuting officers or others, if requested.

      7.    <u>Filing of Agreement</u>

      This agreement shall be presented to the Court, in open court or <u>in
camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at
the time of defendant's entry of a plea of guilty pursuant hereto.

      8.    <u>Voluntariness</u>

      The defendant acknowledges that defendant is entering into this
agreement and is pleading guilty freely and voluntarily without reliance upon any
discussions between the attorney for the government and the defendant and
defendant's attorney and without promise of benefit of any kind (other than the
concessions contained herein), and without threats, force, intimidation, or coercion of
any kind.  The defendant further acknowledges defendant's understanding of the nature
of the offense or offenses to which defendant is pleading guilty and the elements
thereof, including the penalties provided by law, and defendant's complete satisfaction
with the representation and advice received from defendant's undersigned counsel (if
any).  The defendant also understands that defendant has the right to plead not guilty

Defendant's Initials _C-JW_              7

or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _C TW_          8

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 30th day of January, 2009.

A. BRIAN ALBRITTON
United States Attorney

Charles T. White
Defendant

By:
Jonathan C. McKay
Special Assistant United States Attorney

Charles L. Trucale
Attorney for Defendant
Trucale

Mac Heavener
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials C.T.W.                    9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA          :
                                  :
          v.                      :   CASE NO. 3:08-cr-418-J-32MCR
                                  :
CHARLES T. WHITE                  :

_____

### PERSONALIZATION OF ELEMENTS FOR COUNT ONE

1.      Do you admit that, from on or about July 2008 until on or about October 2008, in Duval, St. Johns and Flagler counties, in the Middle District of Florida, and elsewhere, you wore a medal authorized for the Armed Forces of the United States, namely the Purple Heart Medal in ribbon format?

2.      Do you admit that you wore the medal in ribbon format without authorization under regulations made pursuant to law?

3.      Do you admit that you wore the medal in ribbon format  knowingly?

### PERSONALIZATION OF ELEMENTS FOR COUNT TWO

1. Do you admit that, from on or about July 2008 until on or about December 2008, you represented yourself, verbally, in Duval, St. Johns and Flagler counties, in the Middle District of Florida, and elsewhere, to have been awarded a medal authorized by Congress for the Armed Forces of the United States, namely the Purple Heart Medal?

2. Do you admit that your representations were false?

Defendant's Initials  _CTW_                    10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA        :
                                :
           v.                   :   CASE NO. 3:08-cr-418-J-32MCR
                                :
CHARLES T. WHITE                :

_____

## FACTUAL BASIS

The Defendant, CHARLES T. WHITE, enlisted in the United States Navy on July 28, 1959, and he was discharged on July 25, 1961.  On November 3, 1964, the Defendant enlisted in the United States Marine Corps and was discharged on May 26, 1967.  During his military service, the Defendant was awarded the National Defense Service Medal, the Vietnam Service Medal, and the Vietnam Campaign Medal.  He was not awarded a Purple Heart Medal from either service.

Yet, from on or about July, 2008, until on or about October, 2008, the Defendant participated in Veterans of Foreign War (VFW) holiday celebrations, performed VFW Honor Guard Duties, and he appeared as the keynote speaker for the Prisoner of War/Missing in Action (POW/MIA) Recognition Observances on Naval Air Station, Jacksonville, while wearing a Purple Heart Medal in ribbon format.

From on or about July 2008 until on or about December 2008, the Defendant told representatives of the Veterans Service Center that he was the recipient of a Purple Heart Medal, while he was seeking their services.  Additionally, on or about August 27, 2008, the Defendant, in preparation for his keynote appearance at the

Defendant's Initials _CtM_

POW/MIA event, provided an interview to the Deputy Public Affairs Officer for Naval Air Station, Jacksonville, in which he claimed to have received four Purple Heart Medals for injuries he suffered during the Vietnam War.  The public affairs officer then memorialized the Defendant's statements in a newspaper article and presented the article to him for his approval, prior to it being published.  The Defendant again claimed that his assertions were true.

And on or about September 19, 2008,  the Defendant appeared as the keynote speaker for the POW/MIA event on Naval Air Station, Jacksonville, where he again asserted that he had been awarded four Purple Heart Medals.  All of the Defendant's assertions regarding his Purple Heart medals were false.

Defendant's Initials _C Tb_                    2